# IN THE COURT OF APPEALS OF IOWA

No. 17-1144
Filed September 27, 2017

**IN RE THE INTEREST OF**
**A.P., Minor Child,**

**P.B., Mother,**
　　Appellant,

**T.W., Father,**
　　Appellant.
_____

　　Appeal from the Iowa District Court, Delaware County, Thomas J. Straka, Associate Juvenile Judge.


　　The parents each appeal the juvenile court order terminating their parental rights.  **AFFIRMED ON BOTH APPEALS.**


　　Cory R. Gonzales of Law Firm of Cory R. Gonzales, P.L.L.C., Strawberry Point, for appellant mother.

　　David G. Baumgartner, Strawberry Point, for appellant father.

　　Thomas J. Miller, Attorney General, and Kathryn K. Lang, Assistant Attorney General, for appellee State.

　　Kimberly S. Lange of Kimberly S. Lange Law Office, Edgewood, guardian ad litem for minor child.


　　Considered by Vaitheswaran, P.J., and Doyle and Bower, JJ.

**BOWER, Judge.**

The parents each appeal the juvenile court order terminating their parental rights. We find there was sufficient evidence in the record to support termination of the parents' rights. We determine an extension of time is not in the child's best interests and termination is in the child's best interests. We also find the juvenile court properly accepted evidence of the mother's pending criminal charges. We affirm the decision of the juvenile court.

## I. Background Facts & Proceedings

B.P., mother, and T.W., father, are the parents of A.P., born in 2015. The Iowa Department of Human Services (DHS) became involved in August 2015 after the mother, who was on probation,[1] tested positive for methamphetamine. On October 14, 2015, the child was adjudicated to be in need of assistance under Iowa Code section 232.2(6)(b), (c)(2), and (n) (2015). The mother attended treatment for substance abuse and the child remained in her care. She also attended therapy for mental health concerns.

In August 2016, the mother relapsed into drug and alcohol use. She left the child, who was then a toddler, alone in her apartment while she went out drinking to the point she became intoxicated. The mother was charged with child endangerment and disorderly conduct. The child was removed from the mother's care and placed with relatives.

In September 2016, the mother was charged with public intoxication because she attended a meeting with her probation officer while intoxicated, and

---

[1] The mother was previously convicted of possession of pseudoephedrine with intent to manufacture a controlled substance, given a suspended sentence, and placed on probation.

she pled guilty to this charge. The mother also pled guilty to child endangerment, was given a suspended sentence of one year in jail, and placed on probation. The charge of disorderly conduct was dismissed. Due to probation violations, the mother was placed in a residential treatment facility.

After her release, in April 2017, the mother was discovered, unresponsive, in the elevator of her apartment building. She admitted she had been drinking alcohol and was charged with public intoxication. A few days later, she tested positive for methamphetamine. The State recommended her probation be revoked and she be required to serve a prison sentence.

The father had only seen the child one time—at the courthouse in relation to a hearing. He did not participate in services. Shortly after the child was born he was arrested on drug charges. The father pled guilty to possession of precursors with the intent to manufacture. He was in a residential facility from April to September 2016, and has remained on probation. The father stated he did not make an effort to establish a relationship with the child "'cause I was a wreck." He did not request visitation with the child.

The State filed a petition seeking to terminate the parents' rights. At the mother's hearing, held on May 23, 2017, the mother objected to the introduction of evidence concerning the pending charge of public intoxication from April 2017. She stated she would be forced to either leave the State's evidence unrebutted or waive her right against self-incrimination. The court determined the evidence was admissible. The mother ultimately decided not to testify. A separate hearing for the father was held on June 27, 2017. At that time, the court reopened the

record to receive evidence the mother's probation was revoked and she was sentenced to 180 days in jail.

The juvenile court terminated the mother's rights under section 232.116(1)(i) and (*l*) (2017) and the father's rights under section 232.116(1)(e) and (i). The court denied the mother's request for an extension of time, noting she would be unable to work on reunification for the next six months because she would be in jail for that period of time. The court concluded termination of the parents' rights was in the child's best interests. The parents now appeal.

## II. Standard of Review

The scope of review in termination cases is de novo. *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010). Clear and convincing evidence is needed to establish the grounds for termination. *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006). Where there is clear and convincing evidence, there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence. *In re D.D.*, 653 N.W.2d 359, 361 (Iowa 2002). The paramount concern in termination proceedings is the best interests of the children. *In re L.L.*, 459 N.W.2d 489, 493 (Iowa 1990).

## III. Mother

**A.** The mother claims there is not sufficient evidence in the record to support termination of her parental rights. Where the juvenile court has terminated a parent's rights on multiple grounds, "we need only find termination appropriate under one of these sections to affirm." *In re J.B.L.*, 844 N.W.2d 703, 704 (Iowa Ct. App. 2014).

On our de novo review, we find there is clear and convincing evidence in the record to terminate the mother's rights under section 232.116(1)(*l*). This section provides for termination where:

> (1) The child has been adjudicated a child in need of assistance pursuant to section 232.96 and custody has been transferred from the child's parents for placement pursuant to section 232.102.
> (2) The parent has a severe substance-related disorder and presents a danger to self or others as evidenced by prior acts.
> (3) There is clear and convincing evidence that the parent's prognosis indicates that the child will not be able to be returned to the custody of the parent within a reasonable period of time considering the child's age and need for a permanent home.

Iowa Code § 232.116(1)(*l*).

The child was adjudicated to be in need of assistance on October 14, 2015. The evidence showed the mother had a severe substance abuse disorder; she has been diagnosed with methamphetamine, cannabis, and alcohol dependence. She represented a danger to herself and others based on her conviction for child endangerment and the fact she was found unresponsive due to intoxication in April 2017. Furthermore, there was clear and convincing evidence the child would be unable to return to the mother's home within a reasonable period of time. The mother had previously participated in treatment for substance abuse, only to relapse again. "[I]n considering the impact of a drug addiction, we must consider the treatment history of the parent to gauge the likelihood the parent will be in a position to parent the child in the foreseeable future." *In re N.F.*, 579 N.W.2d 338, 341 (Iowa Ct. App. 1998). We conclude the juvenile court properly terminated the mother's parental rights under section 232.116(1)(*l*).

**B.** The mother claims the juvenile court should have given her an additional period of time to work toward reunification. She states she would be able to have the child returned to her care after six months. To order an extension, the juvenile court would need to determine "the need for removal of the child from the child's home will no longer exist at the end of the additional six-month period." *See* Iowa Code § 232.104(2)(b).

The juvenile court denied the mother's request for an extension, noting the mother had only recently reengaged in substance abuse treatment and had been sentenced to jail for six months. We agree with the juvenile court's decision. Given the mother's history of substance abuse and her prior unsuccessful attempts to maintain sobriety, we find it is unlikely the need for the child's removal would no longer exist after six months.

**C.** The mother claims termination of her parental rights was not in the child's best interests. In determining a child's best interests, we give consideration to "the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." *Id.* § 232.116(2).

We find termination of the mother's parental rights is in the child's best interests. The mother was previously convicted of child endangerment because she left her young child home alone in her apartment while she went out drinking. The evidence shows the mother is not able to put the child's needs before her own. The child needs permanency, and termination of the mother's rights is in her best interests.

**D.** Finally, the mother claims the juvenile court should not have considered the pending criminal charges against her. She states the only way to rebut the State's evidence would be to testify about the pending criminal charges for public intoxication, which would have violated her constitutional right against self-incrimination. She also claimed the evidence was more prejudicial than probative.

We review evidentiary rulings in termination proceedings for an abuse of discretion. *In re N.N.*, 692 N.W.2d 51, 54 (Iowa Ct. App. 2004). The evidence the mother became very intoxicated, to the point she was unconscious and was taken to the hospital for treatment, was very probative to the issues of whether she would be able to care for the child. We determine the evidence was not more prejudicial than probative. *See* Iowa Code § 232.96(6); *State v. Taylor*, 689 N.W.2d 116, 129 (Iowa 2004). We also determine the use of the evidence did not violate the mother's Fifth Amendment right against self-incrimination. She was not compelled to testify or provide any incriminating information. *See Conkling v. Conkling*, 185 N.W.2d 777, 784 (Iowa 1971) (quoting *Brown v. United States*, 365 U.S. 148, 155 (1958)) (noting a party "has the choice, after weighing the advantage of the privilege against self-incrimination against the advantage of putting forward his version of the facts and his reliability as a witness, not to testify at all"). We conclude the juvenile court did not abuse its discretion in finding the evidence was admissible.

**IV.    Father**

**A.**    The father claims there is not sufficient evidence in the record to warrant termination of his parental rights under section 232.116(1)(e) or (i).  We find there is clear and convincing evidence to terminate the father's parental rights under section 232.116(1)(e).  The evidence showed the father had "not maintained significant and meaningful contact with the child during the previous six months and . . . made no reasonable efforts to resume care of the child despite being given the opportunity to do so."  Iowa Code § 232.116(1)(e)(3). The father only saw the child once in her life and made no effort to engage in visitation or establish a relationship with the child.

**B.**    The father requests an additional six months to work on reunification with the child.  The juvenile court considered the father's lengthy criminal history and the fact he had not taken the opportunity to be involved in the child's life but "simply chose not to," and concluded "a six-month extension of time would not likely result in the return of the child to father's care."  We agree with the court's conclusion.  By the time of the termination hearing, the child had been involved in juvenile court services for almost two years and during that time the father did not participate in services or have any interaction with the child, making it unlikely the child could be placed in his care within the next six months.

**C.**    The father claims termination of his parental rights is not in the child's best interests.  "It is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to

provide a stable home for the child." *In re P.L.*, 778 N.W.2d 33, 41 (Iowa 2010). The father has not shown any interest in meeting the child's needs thus far in the child's life. We conclude termination of the father's rights is in the child's best interests.

We affirm the decision of the juvenile court terminating the parental rights of the mother and father.

**AFFIRMED ON BOTH APPEALS.**